# THE BAUER LAW FIRM

A T T O R N E Y S

1600 MARKET STREET
FIFTH FLOOR
PHILADELPHIA
P E N N S Y L V A N I A   1 9 1 0 3

Robert G. Bauer*
Neil E. Durkin°
C. Theresa Barone°
Brian D. Hartshorn°

*National Board of Trial Advocacy
 Certified in Civil Trial Advocacy
°Also Member New Jersey Bar

**C. Theresa Barone**

tbarone@abslawfirm.com

(215) 569-9990
(800) 229-2762
FAX (215) 569-4372
Direct Dial (215) 569-9157

August 31, 2010

Clerk of Court
United States District Court
Eastern District of Pennsylvania
601 Market Street, Room 2609
Philadelphia, PA 19106

**RE:   Villa v. FAMOUS SMOKE SHOP-PA INC et al.**

Dear Sir/Madam:

Please find enclosed an original and one (1) copy of a Complaint to be filed with the Court regarding the above matter.  Kindly file the original of record and return a time-stamped copy to me using the enclosed self addressed stamped envelope.  I have also enclosed a CD-ROM containing a copy of the Complaint and Exhibit A.  Also enclosed herein is a check in the sum of $350.00 representing the filing fee.

Should you have any questions please contact me.  Thank you for your courtesies.

Very truly yours,

THE BAUER LAW FIRM, P.C.

By: _____
        C. Theresa Barone

CTB/klc
Enclosure

| Philadelphia | Leigh Valley | Lancaster | Reading | Lebanon |
|---|---|---|---|---|
| 1600 Market Street, Fifth Floor | 461 Linden Street | 18 East King Street | 538 Elm Street | 410 Chestnut Street |
| Philadelphia, PA 19103 | Allentown, PA 18102 | Lancaster, PA 17602 | Reading, PA 19601 | Lebanon, PA 17042 |
| (215) 569-9990 | (610) 437-0100 | (717)295-5383 | (610) 372-2666 | (717) 272-0020 |

JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| **I. (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Yvette Villa | FAMOUS SMOKE SHOP-PA INC and FAMOUS SMOKE SHOP-PA., INC. |

**(b)** County of Residence of First Listed Plaintiff   **Northampton County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **Northampton County an**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

The Bauer Law Firm, 200 Four Falls Corporate Center, Suite 312, Conshohocken, PA 19428  P) 484-222-2468

Attorneys (If Known)

## II. BASIS OF JURISDICTION     (Place an "X" in One Box Only)

☐ 1  U.S. Government
        Plaintiff

☒ 3  Federal Question
        (U.S. Government Not a Party)

☐ 2  U.S. Government
        Defendant

☐ 4  Diversity
        (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                              and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN     (Place an "X" in One Box Only)

☒ 1  Original
        Proceeding

☐ 2  Removed from
        State Court

☐ 3  Remanded from
        Appellate Court

☐ 4  Reinstated or
        Reopened

☐ 5  Transferred from
        another district
        (specify)

☐ 6  Multidistrict
        Litigation

☐ 7  Appeal to District
        Judge from
        Magistrate
        Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
28 U.S.C. Section 1391 (b)

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
    UNDER F.R.C.P. 23

DEMAND $
*100,000*

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):     JUDGE _____     DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 8/31/10 | |

**FOR OFFICE USE ONLY**

RECEIPT # _____     AMOUNT _____     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _____510 Broadway, Bethlehem, PA 18015_____

Address of Defendant: 1100 Conroy Place, Easton, PA 18040 and 1903 West Main St., Stoudsburg, PA 18360_____

Place of Accident, Incident or Transaction:_____1100 Conroy Place, Easton, PA 18040_____
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐  No X

Does this case involve multidistrict litigation possibilities?          Yes☐  No X

RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
          Yes☐  No X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
          Yes☐  No X

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
          Yes☐  No X

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
          Yes☐  No X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. X Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
      (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
      (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I,____Catherine Theresa Barone, Esquire_____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: **August 27, 2010** _____        _____        90940_____
                                                                    Attorney-at-Law                                    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __August 27, 2010_____        _____        90940_____
                                                              Attorney-at-Law                                    Attorney I.D.#

CIV. 609 (6/08)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Yvette Villa | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FAMOUS SMOKE SHOP-PA INC and | : | |
| FAMOUS SMOKE SHOP-PA., INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )


| | | |
|---|---|---|
| __August 27, 2010__ | __Catherine Theresa Barone, Esq.__ | __Plaintiff__ |
| **Date** | **Attorney-at-law** | **Attorney for** |
| __484-222-2468__ | __484-222-2500__ | __Tbarone@abslawfirm.com__ |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

THE BAUER LAW FIRM
BY: CATHERINE THERESA BARONE, ESQUIRE
ATTORNEY I.D.#: PA90940
200 FOUR FALLS CORPORATE CENTER
SUITE 312
WEST CONSHOHOCKEN, PA 19428                    **ATTORNEY FOR PLAINTIFF**
(484) 222-2468

---

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YVETTE VILLA<br>510 Broadway<br>Bethlehem, PA 18015<br><br>       Plaintiff<br><br>       v.<br><br>FAMOUS SMOKE SHOP-PA INC<br>1100 Conroy Place<br>Easton, PA 18040<br><br>       and<br><br>FAMOUS SMOKE SHOP-PA., INC.<br>1903 West Main St<br>Stroudsburg, PA 18360<br><br>       Defendant | No:<br><br>JURY TRIAL DEMANDED<br><br>J. |

## COMPLAINT - CIVIL ACTION

1.      Plaintiff, Yvette Villa, is an adult individual who resides at 510 Broadway, Bethlehem, Northampton County, Pennsylvania 18015.

2.      Defendant, FAMOUS SMOKE SHOP-PA INC is a corporation organized under the laws of the Commonwealth of Pennsylvania and with a registered office address of 1100 Conroy Place, Easton, Northampton County, Pennsylvania 18040.

3.      Defendant, FAMOUS SMOKE SHOP-PA., INC. is a corporation organized under

the laws of the Commonwealth of Pennsylvania and with a registered office address of 1903 West

Main Street, Stroudsburg, Monroe County, Pennsylvania 18360.

4.       Hereinafter, Defendants (FAMOUS SMOKE SHOP-PA, INC. and FAMOUS

SMOKE SHOP-PA, INC.) will be referred to collectively and individually as "Defendant."

## JURISDICTION AND VENUE

5.       This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

1331, as this claim arises in part from Title VII of the Civil Rights Act of 1964 (Title VII) and the

Civil Rights Act of 1991.

6.       The Eastern District of Pennsylvania is the proper venue for this action pursuant to

28 U.S.C. § 1391(b) as Plaintiff resides in this judicial district and one (1) Defendant has offices and

does business in this judicial district.

## FACTS

7.       Plaintiff is female.

8.       Plaintiff began to work for Defendant in 2001 and worked for Defendant until

approximately October 2006.

9.       Plaintiff was laid off following a medical leave but was rehired by the Defendant on

February 18, 2008.

10.       Following her rehiring, the Defendant's owner, Arthur Zaretsky began to engage

in inappropriate sexual comments and to approach Plaintiff, through innuendo, comments and

behavior, for sexual favors.

11.       Plaintiff suffered the harassing behavior for several months until, in

approximately September 2008, she made a complaint to Defendant's human resources department.

12.     Plaintiff was pressured into signing a paper giving up her claim of sexual harassment against the owner of the company in order to retain her job.

13.     Following the complaint, Plaintiff was subject to disciplinary action for alleged infractions of company policy.  Others who had not complained of harassment were not similarly disciplined.

14.     On January 22, 2009, Plaintiff was laid off from her position.  Others with less seniority and lower sales margins but who had not complained of sexual harassment were retained by the Defendant.

15.     Plaintiff believes, and therefore avers, that her termination was motivated by her complaints of sexual harassment and was, accordingly, in violation of laws against such discrimination and retaliation.

16.     As a result of this discriminatory and retaliatory treatment, Plaintiff has suffered severe emotional distress, financial and other losses.

17.     Plaintiff believes and therefore avers that the discriminatory and retaliatory conduct engaged in by the Defendant is intentional and that, therefore, punitive damages are appropriate.

18.     Plaintiff filed complaints with the Equal Employment Opportunity Commission and Pennsylvania Human Relations Commission and has received a Notice of Right to Sue.  *Exhibit A*

## COUNT ONE
## VIOLATION OF FEDERAL CIVIL RIGHTS ACTS OF 1964 AND 1991

19.     Plaintiff incorporates the allegations of paragraphs 1-18 above as if set forth at length herein.

20.     Defendant employs more than fifteen employees and therefore is an employer as defined by the Acts.

21.  As set forth above, Defendant has harassed and discriminated against the Plaintiff with respect to her compensation, terms, conditions, and/or privileges of employment, because of her sex.

22.  As set forth above, Defendant has retaliated against the Plaintiff for the charges of discrimination and harassment she has brought against it.

23.  Plaintiff brought charges of discrimination against the Defendant at the Pennsylvania Relations Commission and Equal Employment Opportunity Commission and has received a right-to-sue letter.

24.  As set forth above, Plaintiff incurred damages as a result of the conduct of the Defendant, including but not limited to severe emotional distress, financial and other losses, as well as costs of suit and attorney's fees.

25.  As set forth above, Plaintiff believes and therefore avers that the conduct of the Defendant is intentional, thus giving rise to punitive damages.

WHEREFORE, Plaintiff requests that this Honorable Court find in her favor and against the Defendant, FAMOUS SMOKE SHOP-PA INC and FAMOUS SMOKE SHOP-PA., INC.and award all damages cognizable under the Federal laws against discrimination, including compensation for actual monetary losses, for future monetary losses, and for mental anguish and inconvenience, as well as interest, attorney's costs and fees, and injunctive relief.

## COUNT TWO
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

26.  Plaintiff incorporates the allegations of paragraphs 1-25 above as if set forth at length herein.

27.     Defendant employs more than four employees and therefore is an employer as defined by the Act.

28.     As set forth above, Defendant has harassed discriminated against the Plaintiff with respect to her compensation, terms, conditions, and/or privileges of employment, because of her sex.

29.     As set forth above, Defendant has retaliated against the Plaintiff for the charges of harassment and discrimination she has brought against it.

30.     Plaintiff brought charges of discrimination against the Defendant at the Pennsylvania Relations Commission and Equal Employment Opportunity Commission and has received a right-to-sue letter.

31.     As set forth above, Plaintiff incurred damages as a result of the conduct of the Defendant, including but not limited to severe emotional distress, financial and other losses, as well as costs of suit and attorney's fees.

WHEREFORE, Plaintiff requests that this Honorable Court find in her favor and against the Defendant, FAMOUS SMOKE SHOP-PA INC and FAMOUS SMOKE SHOP-PA., INC and award all damages cognizable under the Federal laws against discrimination, including compensation for actual monetary losses, for future monetary losses, and for mental anguish and inconvenience, as well as interest, attorney's costs and fees, and injunctive relief.

THE BAUER LAW FIRM

Catherine Theresa Barone
Attorney for the Plaintiff
200 Four Falls Corporate Center
Suite 312
West Conshohocken, PA 19428
(484) 222-2468
Fax (484) 222-2500

Exhibit A



Chairperson
STEPHEN A. GLASSMAN
Vice Chairperson
RAQUEL O. YIENGST
Secretary
DANIEL D. YUN
Assistant Secretary
REV. DR. JAMES EARL GARMON, SR.
Executive Director
HOMER C. FLOYD

Commissioners
ISMAEL ARCELAY
M. JOEL BOLSTEIN
J. WHYATT MONDESIRE
S. KWEILIN NASSAR
GERALD S. ROBINSON
SYLVIA A. WATERS
DANIEL L. WOODALL, JR.

**COMMONWEALTH OF PENNSYLVANIA**
**Human Relations Commission**
**301 Chestnut, Suite 300**
**Harrisburg, PA 17101-2702**
**(717) 787-4410 voice**
**(717) 787-4087 TTY**
**www.phrc.state.pa.us**

July 14, 2010

Yvette Villa
1133 Fairy Street, Apartment 1
Easton PA 18042

RE:    Yvette Villa v Famous Smoke Shop PA Inc
       Case No. 200806632
       EEOC No. 17F200962618

Dear Yvette Villa:

It has been one year since you filed your complaint with the Pennsylvania Human Relations Commission. This is to notify you that you now have the right to bring an action in the appropriate Pennsylvania Court of Common Pleas based on the alleged violations of the PHRAct contained in your Commission complaint. This right is provided under Section 12(c) of the Human Relations Act, 43, P.S. § 962(c).

Please be advised that you are not required to file such an action in the State Court of Common Pleas. The Commission is continuing to process your case, and we will make every effort to resolve it as soon as possible. If we are not notified otherwise, we will assume that you want the Commission to continue handling your case.

If you do file a complaint in a Court of Common Pleas, the Commission will dismiss your complaint. This means that you will be unable to have the Commission decide your case even if your complaint is dismissed in State Court because of a procedural error. Procedural errors may include filing the complaint in State Court in the wrong county or filing in State Court after your time to file has expired. For this reason, you should make every effort to assure that any complaint you file in State Court will be properly filed before you file it.

If you believe you might want to take your case to State Court, we suggest that you consult a private attorney about representing you in that action. This should be done before you file the complaint so that your attorney may advise you on the best course of action for you to take.

Should you file a complaint in State Court, you are required by Section 12(c)(2) of the Pennsylvania Human Relations Act to serve the Human Relations Commission with a copy of the Court complaint. This copy must be served on the Commission at the same time you file it in Court. The copy is to be sent to:

       Michael Hardiman, Chief Counsel - Pennsylvania Human Relations Commission
       301 Chestnut Street - Suite 300   P.O. Box 3145
       Harrisburg, PA 17105-3145

If you have any questions concerning this matter, please feel free to contact the investigator who is handling your case.

Very truly yours,

Arberdella White-Davis
Director of Compliance
AWD: lap
cc: Theresa Barone, Esq